D. C. McGoon v. Town of Miami Springs, G. Carl Adams, as Mayor, J. A. Micheal, as Town Clerk, H. Sayre Wheeler, J. D. Harrell, N. H. Coffin, S. S. Moore, and E. L. Joiner, as Town Councilmen.

185 So. 345.
Division A.
Opinion Filed December 16, 1938.

*I. P. Henderson,* for Appellant;

*Francis M. Miller,* for Appellees.

Terrell, C. J.—This appeal is from a decree dismissing a bill of complaint which seeks to restrain the Town of Miami Springs and its Town Councilmen from delivering or attempting to deliver certain water revenue certificates which it proposes to issue to any prospective purchaser and to have said water revenue certificates declared to be null and void and of no force or effect whatever.

It is shown that the Town of Miami Springs owns and operates its water works system which is in no way incumbered. It is also shown that said water works system is inadequate for the needs of the Town and is badly in need of repairs and extensions, that the Town has negotiated a loan with the United States for this purpose, and that it has adopted a resolution providing for the construction of improvements and extensions to its water works system and

for the issuance of water revenue certificates in the sum of $11,000, payable solely from revenues derived from said waterworks system to finance the costs of such construction. It is also shown that said water revenue certificates are to be issued by the Town Council as required by law but without an approving vote of the people as required by Section Six of Article Nine of the Constitution.

The appellant contends that said water revenue certificates are in fact bonds that can only be issued by resolution of the Town Council subject to an approving vote of the people as required by Section Six, Article Nine of the Constitution, and that since this was not done or authorized, the certificates and resolution authorizing them is invalid and without effect.

Chapter 12635, Special Acts of 1927, being the Charter of the Town of Miami Springs (Section Thirty-Six thereof) provides as follows:

"Said Town, by ordinance or resolution shall have full power and lawful authority to issue additional bonds * * *

"Said corporation shall furthermore have full power and lawful authority to issue bonds for the purpose of purchasing, developing, extending, and maintaining a waterworks system without or without its corporate limits in an amount not exceeding 15 per cent of the assessed valuation of all real and personal property within its corporate limits."

The town of Miami Springs relies on this provision of its Charter to issue the certificates in question. It is clear that it may issue bonds by ordinance or resolution. The Chancellor took the position that the water revenue certificates were comprehended in the term "bonds" and since they are to be paid for solely from the revenue derived from the operation of the waterworks system and' that the Town's power of taxation will not be invoked to pay them, they

were not such obligations as require an approving vote of the people. This holding finds support in the decisions of this Court.

Our conclusion is that the decree appealed from is correct and is affirmed on authority of State of Florida v. City of DeLand and cases therein cited, decided December 1938, and not yet reported.

Affirmed.

BUFORD, and THOMAS, J. J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.